IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN DAVID ARNOLD,<br>　　Plaintiff, | )<br>)<br>) | CASE NO. 7:21-cv-00533 |
| v. | )<br>) | <u>ORDER</u> |
| OFFICER J.T. CREGGER, *et al.*,<br>　　Defendants. | )<br>) | By: Joel C. Hoppe<br>United States Magistrate Judge |

　　This civil rights case asserting claims under 42 U.S.C. § 1983 was filed by John David Arnold, a Virginia inmate proceeding *pro se*. The court has directed service of the complaint upon defendants, but no defendant has yet waived service or entered an appearance. Pending before the court and addressed herein are several motions filed by Arnold.

　　The first motion has been docketed as a "motion to compel" and it was accompanied by a "proposed order to show cause for a preliminary injunction and temporary restraining order." (Dkt. Nos. 15, 17.) In it, Arnold states that he is being denied access to all of the materials he has requested from his facility's law library, and he asks that the court compel the facility "to make available requested cases, law, statutes, [and] whatever else" he needs to "diligently defend [his] constitutional rights." (Mot. Compel 1, Dkt. No. 15.) A subsequent filing by Arnold, however, reflects that he has received those materials (or many of them), in that it extensively cites to, and quotes from, numerous legal authorities. (*See generally* Dkt. No. 20.) In light of that, the court will deny without prejudice the motion to compel. In the event that Arnold contends he is still being denied access to materials from the law library, he may file a motion for preliminary injunction. Any such motion should state what specific relief he wants the court to order.

　　Arnold also has filed an "amended" motion for appointment of counsel. (Dkt. No. 16.)

As was explained to Arnold in the order denying his first request for counsel (Dkt. No. 6), the court cannot require an attorney to represent an indigent civil plaintiff. *See Mallard v. U.S. D. Ct. for S.D. of Iowa*, 490 U.S. 296, 309 (1989). Instead, the court may only request that an attorney represent an indigent plaintiff when "exceptional circumstances" exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Exceptional circumstances depend on the type and complexity of the case and the ability of the plaintiff to present it. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard*, 490 U.S. at 309.

In support of his motion, Arnold points out that he is a prisoner in a restricted housing unit and that he has been unable to "obtain case law," despite his attempts to do so. (Am. Mot. Counsel 3, Dkt. No. 16.) That alone does not constitute "exceptional circumstances," as many inmate litigants are housed in restricted units. *E.g.*, *Louis v. Martinez*, No. 5:08CV151, 2010 WL 1484302, *1 (N.D. W. Va. Apr. 2, 2010) (finding lack of exceptional circumstances and denying appointment of counsel where inmate-plaintiff was housed in special housing unit, subjected to continuous lock downs, and had restricted access to the law library and other inmates). As noted, moreover, it appears Arnold is now receiving the legal materials he has requested from the library. He also states that he is "seriously mentally ill" and "on medications which impair him." (*Id.*) He offers no details about his illness or the medications, but in any event, his filings to date have been intelligible and understandable, and he has been able to clearly communicate with the court. Thus, the record in the case does not support a finding that he is incapable of representing himself. Moreover, the factual background of Arnold's case is fairly straightforward.

For all of these reasons, Arnold's circumstances are not exceptional so as to justify appointment of counsel at this time. Thus, his amended motion for counsel (Dkt. No. 26) will be denied without prejudice. In the event that this case proceeds to trial, the court will consider a

renewed request for counsel at that time.

Arnold also has filed a motion to supplement his complaint, but filing several documents to cobble together a complaint is not proper. Thus, his motion to supplement (Dkt. No. 20) will be denied without prejudice. Arnold may, however, file a **single** document that contains the allegations and information from both his original complaint and proposed supplemental complaint. Any such amended complaint should clearly state how each defendant violated his federal rights. **The amended complaint must be a new pleading that stands by itself without reference to a complaint, attachments, or amendments already filed**. If Arnold fails to file an amended complaint within thirty days, then the court will treat his original complaint and its exhibits as the operative complaint, and any additional allegations in his proposed supplemental complaint will not be considered part of the complaint.

Lastly, Arnold has filed a number of discovery requests directed toward defendants. These requests (which include requests for admission, which were not separately docketed, but which the court will direct the Clerk to separately docket) are premature. As noted, defendants have not yet answered or responded to the complaint, and discovery is therefore inappropriate.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. Arnold's motion to compel (Dkt. No. 15) is DENIED WITHOUT PREJUDICE as moot, as the record discloses that he has obtained access to legal materials. If, however, Arnold continues to be denied access to materials from his facility's law library, he may file any motion he believes is appropriate. If his motion requests injunctive relief, he must state what specific relief he wants the court to order.

2. Arnold's motion to supplement (Dkt. No. 20) is DENIED WITHOUT PREJUDICE

to his ability to file an amended complaint.  He may file a stand-alone amended complaint within thirty days, and it must comport with the instructions in this order.  If he fails to file an amended complaint, then his original complaint and exhibits (Dkt. No. 1) will be considered the operative complaint.  To facilitate Arnold's filing of an amended complaint, the Clerk is DIRECTED to provide a blank complaint form, and copies of both his original complaint (without exhibits) (Dkt. No. 1) and his motion to supplement (Dkt. No. 20).

3. Arnold's amended motion to appoint counsel (Dkt. No. 16) is DENIED WITHOUT PREJUDICE.

4. The Clerk is DIRECTED to docket pages 5 and 6 of Dkt. No. 17, which are requests for admissions, as a separate docket entry.  To the extent that those requests for admission and Arnold's other discovery requests seek any relief from the court, they are DENIED WITHOUT PREJUDICE as premature.  Arnold may serve discovery on defendants after they have answered or otherwise responded to his complaint.

It is so ORDERED.

ENTER: December 2, 2021

/s/ Joel C. Hoppe
United States Magistrate Judge